UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISIAH BELLE,

                              Petitioner,

            v.                                  9:11-CV-0657
                                                (NAM)
SUPERINTENDENT,

                              Respondent.

_____

APPEARANCES:                        OF COUNSEL:

ISIAH BELLE
Petitioner, pro se
205 Victory Ave.
Schenectady, NY 12307

HON. ERIC T. SCHNEIDERMAN          PAUL M. TARR, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

NORMAN A. MORDUE, United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        Petitioner Isiah Belle has filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, in which he challenges a 2008 judgment of conviction in Schenectady County

Court, following his guilty plea, of second degree criminal possession of a weapon and

several related charges.  Dkt. No. 1, Petition ("Pet.") at 1.[1]  Respondent has filed a response

_____

        [1] For the sake of clarity, the cited page numbers refer to the electronically generated numbers at the top right
hand corner of each page of the petition.

to the petition, a memorandum of law, and the relevant state court records.  Dkt. No. 6,

Response; Dkt. No. 7, Respondent's Memorandum of Law ("Resp't Mem."); Dkt. No. 8, State

Court Records.  Petitioner has answered.  Dkt. No. 11, Traverse.  For the reasons that follow,

the petition is denied and dismissed.[2]

## II.    BACKGROUND

### A.    The Crime and Arrest

The Appellate Division, Third Department, concisely summarized the facts underlying

petitioner's criminal offense as follows:

> In August 2007, at around 3:00 a.m., police received a
> telephone call reporting that shots had been fired in the vicinity of
> Hulett Street and Lincoln Avenue in the City of Schenectady,
> Schenectady County.  The caller reported that the shooter was
> wearing a blue shirt with white stripes, light colored shorts and a
> white hat. When police arrived at the location a few minutes later,
> they observed a man matching the description of the suspect.
> Upon being ordered to stop, the man, who was later identified as
> [petitioner], fled into a nearby backyard, resulting in a foot chase.
> During this pursuit, [petitioner] appeared to throw something over a
> fence into a neighboring yard.  Upon tackling [petitioner], police
> noticed that a baggie with a white powdery substance had fallen
> partially out of the pocket of defendant's pants.  The police
> proceeded to arrest [petitioner], and found on his person a stun gun
> and marihuana.  The police then searched the other side of the
> fence and recovered a handgun.  Back at police headquarters,
> [petitioner] made an oral statement to a detective, "The cocaine
> was mine, but it was for personal use."
>
> [Petitioner] was charged with two counts each of criminal
> possession of a weapon in the second degree and third degree,
> two counts of criminal possession of a controlled substance in the
> third degree, and one count each of resisting arrest and unlawful

[2]   Online records from the New York State Department of Corrections indicate that petitioner was released
from custody in December 2012, after serving five years, and that he remains on parole until 2016.  Because
petitioner is on parole and was incarcerated at start of this action, this case remains justiciable by this Court.  *See
Ruddy v. Bocaud*, No. 9:08-CV-1319 (LEK), 2009 WL 5030790, at *2 (N.D.N.Y. Dec. 14, 2009) (citing *Spencer v.
Kemna*, 523 U.S. 1, 6-7 (1998)).

possession of marihuana.  After a *Huntley* hearing, [petitioner's] motion to suppress the oral statement made at police headquarters was denied.  After *Mapp/Dunaway* hearings, [petitioner's] motion to suppress all evidence obtained by police was denied.

While no plea offers were made by the People, on the date of trial, County Court, over the People's objection, indicated to [petitioner] that, upon a plea of guilty to the entire indictment, it would sentence [petitioner] to a six-year prison term with four years of postrelease supervision.  [Petitioner] consulted with counsel and then elected to plead guilty to all charges contained in the indictment.  As part of his plea, [petitioner] waived his right to appeal, preserving his right to appeal the suppression rulings.  Sentencing was adjourned three times to provide [petitioner] with time to review certain evidence, to obtain a second opinion from a second assigned counsel and to decide whether to make a motion to withdraw his plea.  After electing not to move to withdraw his plea, [petitioner] was sentenced to an aggregate prison term of five years with four years of postrelease supervision.

*People v. Belle*, 74 A.D.3d 1477, 1478-79 (3d Dep't 2010).

## B.    Petitioner's Appeal and Collateral Attacks on the Verdict

On May 20, 2009, petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, in which he raised the following grounds: (1) the police lacked probable cause to stop and search him; (2) the police did not possess accurate information to justify a warrantless search and seizure; (3) the prosecution never established constructive possession of a firearm; (4) the police officers' testimony before the grand jury was conflicting and false; (5) the prosecution fraudulently breach the terms of a negotiated agreement, causing him to be sentenced to a Class B felony; (6) the trial court violated double jeopardy by denying him a downward departure in his charges; and (7) ineffective assistance of trial counsel.  Dkt. No. 8, Ex. H, Motion to Vacate the Judgment at 3-16.

On July 17, 2009, the trial court denied petitioner's motion in its entirety.  Dkt. No. 8, Ex. K, Decision and Order.  With regard to petitioner's claims that the police lacked probable

3

cause and the prosecution presented false evidence to the grand jury, the court found that these issues had already been determined on the merits in a prior proceeding. *Id.* at 2-3 (citing N.Y. Crim Proc. Law § 440.10(3)(b)). Turning to the alleged breach of the plea agreement, the court found that petitioner clearly understood the terms of the plea agreement and voluntarily pled guilty to each count in the indictment. *Id.* at 3. Thus, the court continued, there is no support for the contention that the trial court improperly sentenced him to a Class B felony. *Id.* In rejecting petitioner's ineffective assistance of counsel claim, the court noted that petitioner's counsel filed pre-trial motions, fully explained to petitioner the consequences of pleading guilty, and negotiated an advantageous plea agreement. *Id.* Accordingly, under the totality of the circumstances, petitioner received effective assistance. *Id.* at 4-5. The court denied petitioner's double jeopardy claim because he failed to set forth any evidence that he was punished for the same crime twice. *Id.* at 4. Finally, the court dismissed petitioner's remaining claims as meritless. *Id.* at 5.

Petitioner moved for leave to appeal to the Appellate Division, Third Department, who denied his request in a summary order. Dkt. No. 8, Ex. N, Appellate Division Order Denying Leave.

In July 2009, petitioner, represented by counsel, filed a direct appeal with the Appellate Division raising three claims: (1) his guilty plea was involuntary because of pressure from counsel and the extensive jail time he faced if the case proceeded to trial; (2) his sentence was harsh and excessive; and (3) ineffective assistance of trial counsel. Dkt. No. 8, Ex. A, Appellant's Br. at 3. With regard to the ineffective assistance claim, petitioner specifically argued that counsel: (a) failed to meet with him before the guilty plea; (b) failed to file appropriate pre-trial motions; (c) pressured him into entering a guilty plea and waiving his

4

appellate rights; and (d) failed to secure cooperation from the district attorney in a related case involving his son. *Id.* at 19-23.

Apparently unsatisfied with appellate counsel's choice of issues, petitioner also filed a pro se supplemental brief, arguing (1) the police apprehended and searched petitioner without probable cause; (2) the police lacked sufficient information to justify a warrantless search and seizure; (3) the prosecution breached their plea agreement; and (4) the prosecution presented false testimony at the grand jury proceedings and at the *Mapp/Dunaway* hearing. Dkt. No. 8, Ex. C, Appellant's Supplemental Br. at 1.

On June 10, 2010, the Appellate Division unanimously affirmed the conviction. *Belle*, 74 A.D.3d at 1478-80. First, the court ruled that by failing to withdraw his guilty plea or vacate the judgment, petitioner failed to preserve his claim that the plea was involuntary. *Id.* at 1479. In any event, the court also concluded that his plea and appeal waiver were knowing, voluntary, and intelligent. *Id.* Next, the court concluded that the police had reasonable suspicion to believe that a crime had been committed, which justified the pursuit and subsequent detention of petitioner. *Id.* Accordingly, the evidence gained from petitioenr was not subject to suppression and provided probable cause for the arrest. *Id.* at 1480.

Turning to petitioner's ineffective assistance claim, the court held that his appeal waiver precluded review of this argument outside of any contention that counsel's improper advice impacted the plea. *Belle*, 74 A.D.3d at 1480. To the extent petitioner's ineffective assistance claim survived the appeal waiver, the court concluded that it was unpreserved due to his failure to move to withdraw the plea or vacate the judgment. *Id.* The court also found petitioner's allegations of prosecutorial misconduct unpreserved for review, and his sentencing claim barred on account of the appeal waiver. *Id.* Finally, the court found

petitioner's remaining claims "to be without merit." *Id.*

On July 6, 2010, petitioner sought leave to appeal to the New York Court of Appeals, raising the claims set forth in his counseled brief. Dkt. No. 8, Ex. E, Letter Requesting Leave to Appeal. The Court of Appeals denied petitioner's request. Dkt. No. 8, Ex. G, Certificate Denying Leave.

## C. The Petition

Petitioner then timely filed this action, which raises the following grounds for habeas relief: (1) his guilty plea was not knowingly and voluntarily entered; (2) the trial court's sentence violated his double jeopardy rights; (3) he was improperly forced to waive his appellate rights; (4) the indictment was obtained through false evidence, obstruction of justice, and a coerced confession; (5) the conviction was supported by an invalid search and seizure; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel. Pet. at 4-5, 13, 20-21, 24-25, 28, 36, 67-68.

## III. DISCUSSION

## A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication of the claim (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) was based on an unreasonable determination of the facts in light of the evidence presented. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398-1400 (2011) (citing 28 U.S.C. §§ 2254(d)(1), (2)); *Premo v. Moore*, __ U.S. __, 131 S. Ct. 733, 739 (2011);

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, __ U.S. __, 131 S. Ct. 1305, 1307 (2011) (per curiam) (citation omitted). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro*, 550 U.S. at 473.

When evaluating whether a state court decision is "contrary to" Supreme Court law, the habeas court must consider whether the decision under review "applies a rule that contradicts the governing law" or "confronts a set of facts that are materially indistinguishable" from precedent and nonetheless arrives at a different result. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citation omitted). The Supreme Court has explained that "clearly established [f]ederal law" refers to the Supreme Court's holdings as of the time of the relevant state court decision. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A decision involves an "unreasonable application" of Supreme Court precedent when the state court either "identifies the correct governing legal rule" but "unreasonably applies it to the facts" of the case, or "unreasonably extends a legal principle . . . to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

7

Moreover, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004); *see also Cullen*, 131 S.Ct. at 1400 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."). Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)).

Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed de novo.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

**B.      Petitioner's Guilty Plea**

Petitioner appears to argue, as he did on direct appeal, that his guilty plea is invalid because it was not knowingly and voluntarily entered. Pet. at 4, 20, 28-29. According to petitioner, defense counsel forced him to plead guilty by, among other things, commenting that he would surely lose if the case went to trial. Pet. at 24, 67. Petitioner also suggests that his guilty plea was involuntary because it was a "take it or leave it" deal offered by the trial court. Pet. at 20. As discussed below, this claim is procedurally barred, and in any event, meritless.

A federal court will not ordinarily review a federal claim presented in a habeas petition if it has been rejected by the state courts on an "independent and adequate" state law ground. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murden v. Artuz*, 497 F.3d 178, 194 (2d Cir. 2007); *see also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) ("[F]ederal

8

habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim.").

In its decision, the Appellate Division dismissed petitioner's claim attacking the validity of his guilty plea on state law preservation grounds. *Belle*, 74 A.D.3d at 1479. The court specifically held that "by failing to move to withdraw his plea or vacate the judgment of conviction, defendant failed to preserve his claim that his plea was involuntary." *Id.* It is well settled in this Circuit that this preservation rule provides an adequate and independent state ground on which to deny habeas relief, and this Court agrees with the analysis contained in these decisions. *See, e.g., Hunter v. McLaughlin*, No. 1:04-CV-4058, 2008 WL 482848, at *1-4 (S.D.N.Y. Feb. 21, 2008); *Shanks v. Greiner*, No. 1:01-CV-1362, 2001 WL 1568815, at *3-4 (S.D.N.Y. Dec. 10, 2001). Because the Appellate Division rejected this claim on independent and adequate state procedural grounds, federal review is barred unless petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will result from the Court's failure to review the claim. *See Coleman*, 501 U.S. at 750.

Petitioner has failed to establish either of these mitigating factors in this case. Even if petitioner could demonstrate cause, which does not appear from the record, he cannot show prejudice insofar as this claim is meritless. *See infra* at 11-12; *Pettigrew v. Bezio*, No 1:10-CV-1053, 2012 WL 1714934, at *4 (W.D.N.Y. May 15, 2012) (concluding that a petitioner cannot show actual prejudice where the underlying defaulted claim is meritless)*; see also Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985) (noting that federal habeas relief is unavailable as to procedurally defaulted claims unless both cause and prejudice are

demonstrated).

Moreover, for purposes of the miscarriage of justice exception, petitioner has made no showing that he is "actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (noting that the miscarriage of justice exception extends to cases of "actual innocence," that is, when a constitutional violation "has probably resulted in the conviction of one who is actually innocent [of the offense of which he has been convicted]"). The Supreme Court "has made clear that the concept of actual innocence is distinct from the concept of legal innocence." *Poindexter v. Nash*, 333 F.3d 372, 380 (2d Cir. 2003). Actual innocence means that the petitioner "in fact [did] not commit[ ] the crimes on which the calculation or imposition of [his] sentence was based." *Poindexter*, 333 F.3d at 381. A petitioner whose "argument is a technical one" does not raise "a claim of 'actual innocence' as that term is used . . . in habeas jurisprudence generally." *Poindexter*, 333 F.3d at 380. Here, petitioner raises several technical arguments contesting his conviction. For instance, he asserts that his conviction is the result of an invalid search and seizure. Pet. at 28. Petitioner does not, however, proffer any evidence that he is actually innocent of the acts on which his sentence is based. *See Williams v. Brown*, No. 1:08-CV-10044, 2010 WL 850182, at *3 (S.D.N.Y. Mar. 11, 2010) (rejecting actual innocence claim where "[t]he evidence adduced by [the petitioner] in his petition solely concerns certain alleged procedural irregularities . . . none of which casts any doubt on [the petitioner's] underlying guilt").

Accordingly, petitioner's claim contesting the validity of his guilty plea is procedurally barred and is dismissed on that basis.

Even reaching the merits, however, petitioner cannot prevail. In order to comply with the requirements of due process, a guilty plea must be a "voluntary and intelligent choice

10

among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400

U.S. 25, 31 (1970). The Second Circuit has summarized the relevant factors as follows:

> [A] plea is deemed 'intelligent' if the accused had the advice of
> counsel and understood the consequences of his plea, even if only
> in a fairly rudimentary way; it is deemed 'voluntary' if it is not the
> product of actual or threatened physical harm, mental coercion
> overbearing the defendant's will, or the defendant's sheer inability
> to weigh his options rationally.

*Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988). Importantly, statements made by a

defendant at a plea hearing constitute a "formidable barrier" that cannot be easily overcome

in subsequent collateral proceedings because "[s]olemn declarations in open court carry a

strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

At the plea hearing in this case, the court promised petitioner a six-year sentence in

exchange for his plea of guilty to the entire indictment. Dkt. No. 8, Plea Transcript, April 7,

2008 ("Plea Tr.") at 2. After counsel indicated that petitioner wished to accept the offer,

petitioner was sworn in and stated that he had a clear mind, was free from drugs, and

understood the plea offer. *Id.* at 2, 5-9, 22. Petitioner affirmed that he had consulted with his

lawyer about the case and that he understood the nature of the charges, the possible

sentence, and the rights he was waiving. *Id.* The court then explained to petitioner that he

would have to waive his right to appeal as a condition of the plea agreement, which petitioner

agreed to do after the waiver was amended to permit the appeal of suppression issues. *Id.* at

9-22. Petitioner then reaffirmed that his plea to the entire indictment was voluntary. *Id.*

Petitioner has offered only conclusory allegations as proof that his plea was invalid.

*See* Pet. at 20, 24, 27. Not only are these allegations insufficient to disturb the plea, *see*

*Blackledge*, 431 U.S. at 73-74, they are directly contradicted by petitioner's sworn allocution

11

discussed above.  *See United States v. Davis*, 48 F. App'x 809, 811-12 (2d Cir. 2002)

("During his plea allocution, [defendant] admitted his guilt under oath and in his own words,

and stated that his plea was free and voluntary, that no threats or untoward promises had

been made to induce his plea, and that he was satisfied with the advice of counsel . . . .

Although since his guilty plea [defendant] has consistently protested his innocence of the

charges [and claims his counsel coerced him to plead guilty], a claim of innocence [and

coercion by counsel] is not a basis for withdrawing a guilty plea unless supported by

evidence.").

Moreover, defense counsel's alleged statement that petitioner would lose if he went to

trial does not render the resulting plea involuntary.  *See Lightfoot v. Smith*, No.

1:05-CV-0444, 2008 WL 515051, at *9 (S.D.N.Y. Feb. 25, 2008) (noting that truthful advice

regarding the strength of the prosecution's case and the advisability of accepting a plea

bargain does not constitute coercion).  Nor does it matter that the court offered petitioner a

"take it or leave it" plea bargain.  *See Izaguirre v. Lee*, 856 F. Supp. 2d 551, 568-69 (E.D.N.Y.

2012) (noting that under New York law trial judges are permitted to participate in plea

negotiations with criminal defendants and there is no element of impropriety as long as the

accused is free to accept of reject the offer).  In sum, petitioner has provided no basis to

refute the validity of his guilty plea.

### C.      Effect of Petitioner's Guilty Plea

It is well settled that a guilty plea represents a "break in the chain of events which has

preceded it in the criminal process," and a defendant "may not thereafter raise independent

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the

guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The Court has concluded that petitioner's guilty plea is valid. *See supra* Section III(B). Consequently, petitioner is precluded from obtaining habeas relief on claims arising out of matters that occurred prior to the plea. *Tollett*, 411 U.S. at 267. Therefore, petitioner's claim that the indictment was obtained through false evidence, obstruction of justice, and a coerced confession must be denied. *See Crispino v. Allard*, 378 F. Supp. 2d 393, 414 (S.D.N.Y. 2005) ("[I]f [petitioner] entered a voluntary, knowing, and intelligent guilty plea, any and all non jurisdictional defects raised in the indictment are waived.").[3]

Additionally, petitioner's ineffective assistance of counsel claim only survives to the extent it challenges the voluntariness of the plea and the advice petitioner received from counsel. *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008); *see also Blackledge*, 417 U.S. at 29-30 (following a guilty plea, a defendant "is limited in a federal habeas corpus proceeding to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases"). To the extent petitioner contends that he received ineffective assistance outside of this scope, his claims are denied. *See Garver v. Superintendent Oneida Corr. Facility*, No. 6:10-CV-6142, 2011 WL 3236386, at *3 (W.D.N.Y. July 28, 2011) (finding petitioner's ineffective assistance claim barred from habeas review where said claim alleged that counsel committed errors related to Fourth Amendment issues and did not relate to the voluntariness of the plea itself).

Petitioner's surviving claims are discussed below.

---

[3] In any event, Petitioner's claim attacking the indictment is not cognizable on federal habeas review. *See, e.g., Brazeau v. Zon*, No. 1:04-CV-0031, 2007 WL 2903617, at *7 (W.D.N.Y. Oct. 1, 2007) (holding that claims attacking the indictment process are not reviewable in a federal habeas action).

### D. Fourth Amendment Claim

Petitioner alleges that his Fourth Amendment rights were violated because the police apprehended and searched him without probable cause. Pet. at 5, 27-28, 36, 47. According to petitioner, his conviction was supported by evidence from this illegal search and seizure. *Id.*

Respondent urges the Court to bar this claim as a result of petitioner's guilty plea. Resp't Mem. at 27. According to respondent, petitioner's Fourth Amendment claim is "unrelated to the voluntariness of his guilty plea" and is "therefore waived." *Id.* (citing *Tollett*, 411 U.S. at 267). This argument is unpersuasive.

In general, a defendant who pleads guilty to a charged offense "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. However, a relevant exception to this rule has been recognized: where a state permits appeal of a pre-plea constitutional ruling, federal courts will address such claims on habeas review notwithstanding the guilty plea. *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975) ("[W]hen state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding."). Pursuant to New York Criminal Procedure Law § 710.70(2), a criminal defendant may appeal an adverse decision on a pretrial motion to suppress evidence, despite conviction upon a guilty plea. Accordingly, in New York, a guilty plea does not bar habeas review of constitutional claims arising from an illegal search provided the search was contested in state court. *Lugo v. Artus*, No. 1:05-CV-1998, 2008 WL 312298, at *2-4 (S.D.N.Y. Jan. 31, 2008). Given petitioner unsuccessfully sought to suppress the evidence

14

gained from his search and seizure, the guilty plea does not waive his right to challenge the admissibility of that evidence through a habeas corpus petition. *See, e.g., Perez v. Ercole*, No. 1:09-CV-2180, 2010 WL 2541974, at *4 n.3 (S.D.N.Y. June 22, 2010).

Nonetheless, review of petitioner's Fourth Amendment claim is precluded pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court held that federal habeas review is unavailable for Fourth Amendment claims where the state has provided a full and fair opportunity to litigate such a claim. *Id.* at 494. It is well settled that New York provides an adequate corrective procedure for such claims, and petitioner does not dispute that he had the opportunity to litigate his Fourth Amendment claims in state proceedings. *See, e.g., Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992); *Guzman v. Greene*, 425 F. Supp. 2d 298, 318 (E.D.N.Y. 2006). Accordingly, federal habeas relief is unavailable on this claim and it is dismissed. *See Brown v. New York*, No. 1:08-CV-0582, 2012 WL 3597361, at *2 (E.D.N.Y. Aug. 20, 2012).

### E.    Appeal Waiver

Petitioner argues, as he did on direct appeal, that he was coerced into waiving his appellate rights as part of the guilty plea. Pet. at 24, 67. In dismissing this claim, the Appellate Division concluded that petitioner's appeal waiver complied with New York law because it was knowing, voluntary, and intelligent. *Belle*, 74 A.D.3d at 1479. This decision was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

It is well settled that appeal waivers set forth in plea agreements are constitutional provided the waiver was knowing, voluntary and intelligent. *See Steele v. Filion*, 377 F. Supp. 2d 332, 334-35 (W.D.N.Y. 2005) (citations omitted). To be effective, a defendant must be informed of the nature of the right and must evidence a full understanding of the

consequences of the waiver. *United States v. Ready*, 82 F.3d 551, 556-57 (2d Cir. 1996).

Here, it is clear from the record that the trial court engaged in a thorough colloquy to ensure that petitioner made a knowing, voluntary, and intelligent waiver of his appellate rights. Plea Tr. at 9-22. During the plea proceedings, the court stated that petitioner would have to waive his right to appeal as a condition of the plea agreement. *Id.* at 9. Although petitioner initially protested, he subsequently agreed to the waiver after it was modified to permit the appeal of suppression issues. *Id.* at 14-15. Then, in response to the court's questions, petitioner affirmed that he understood the rights he was waiving. *Id.* at 13-22. The court further verified several times that petitioner understood the terms of the plea agreement and that he had discussed the matter fully with his attorney. *Id.*

While petitioner now contends that he was forced to waive his appellate rights, he has offered no evidence of this alleged coercion outside of conclusory allegations. *See* Pet. at 24, 67; *United States v. Walker*, 411 F. Supp. 2d 336, 337 (W.D.N.Y. 2006) (holding that a defendant cannot defeat an appeal waiver through conclusory allegations); *see also Harris v. Hulihan*, No. 1:11-CV-3019, 2012 WL 5265624, at *17 (S.D.N.Y. Aug. 8, 2012) ("[I]t is clear that counsel did not act unreasonably in encouraging petitioner to accept the plea bargain containing a waiver of the right to appeal."). Indeed, petitioner's sentencing was postponed three times so he could consider whether to withdraw the plea and appeal waiver. Further, the court's position that the appeal waiver was required as part of the guilty plea does not render the waiver invalid under federal law. *See Nicholas v. Smith*, No. 1:02-CV-6411, 2007 WL 1213417, at *10 (E.D.N.Y. Apr. 24, 2007).

Accordingly, petitioner has not demonstrated that enforcement of the waiver deprived him of any rights under the federal Constitution. *See Salaam v. Giambruno*, 559 F. Supp. 2d

292, 298 (W.D.N.Y. 2008) (finding petitioner failed to show that the state court's enforcement of a valid appeal waiver infringed on his constitutional rights). This claim is therefore dismissed.

### F. Double Jeopardy Claim[4]

While not entirely clear, it appears that petitioner is arguing that the trial court violated double jeopardy when it sentenced him as a predicate felony offender because the statute of limitations had already expired on his first felony offense. Pet. at 13. Petitioner also appears to argue that his double jeopardy rights were violated when the trial court refused a downward departure in his class B felony charge. *Id.* As set forth below, this claim is procedurally barred and meritless.

It is well settled that a petitioner must exhaust his state court remedies before seeking habeas relief. *See* 28 U.S.C. § 2254(b)(1).[5] This requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (citation

---

[4] Although a valid guilty plea can foreclose habeas review of a double jeopardy claim under appropriate circumstances, *compare Menna v. New York*, 423 U.S. 61, 62 (1975) (holding that otherwise valid guilty pleas can be set aside where the charges violate double jeopardy), *with Hall v. Conway*, 630 F. Supp. 2d 283, 291 (W.D.N.Y. 2009) (finding that petitioner's guilty plea foreclosed review of his double jeopardy claim), the lack of clarity with respect to petitioner's double jeopardy arguments precludes the Court from determining whether this bar is appropriate here. As such, the Court declines to find that petitioner's double jeopardy claim is barred by the guilty plea.

[5] A petitioner need not exhaust available state remedies if there is no opportunity to obtain redress in state court, or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *See* 28 U.S.C. § 2254(b)(1). Petitioner does not contend, nor does the Court find, that New York's post-conviction procedures are inadequate to adjudicate this claim.

omitted).

Petitioner's double jeopardy claim is unexhausted because he never presented it to the Appellate Division after the trial court rejected his arguments. *See* Dkt. No. 8, Ex. L, Application for Leave to Appeal; *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 190 n.3 (2d Cir. 1982) ("Exhaustion of available state remedies requires presentation of the claim to the highest state court from which a decision can be had." (citation omitted)); *Deberry v. Spitzer*, No. 1:05-CV-5286, 2011 WL 1239999, at *6 (E.D.N.Y. Feb. 17, 2011) (noting that a claim asserted in a section 440 motion is only fully exhausted once it has been presented to the Appellate Division).

Because petitioner no longer has remedies available to pursue this unexhausted claim, *see Garner v. Superintendent*, No. 9:10-CV-1406 (GTS), 2012 WL 3929944, at *6 (N.D.N.Y. Sept. 10, 2012), it is also procedurally defaulted. *See Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994) (noting that if a petitioner has failed to exhaust his state court remedies, and no longer has remedies available to pursue his claims, they are deemed exhausted and are also procedurally defaulted).

Further review of this claim is therefore conditioned upon the Court finding cause and prejudice, or a fundamental miscarriage of justice. *Murden*, 497 F.3d at 194 (noting that a federal court may review a procedurally barred claim only if the petitioner demonstrates either cause for the default and actual prejudice, or a fundamental miscarriage of justice). Petitioner fails to allege, much less prove, that there was cause for his procedural default or that he has suffered prejudice as a result. *See* Pet. at 13. Indeed, petitioner offers no explanation for his failure to properly pursue this claim. *Id.* Moreover, as discussed above, petitioner has clearly failed to show a miscarriage of justice. *See supra* Section III(B). As such, this claim is

18

subject to an unexcused procedural default and is dismissed.

Even assuming this claim is not procedurally barred, petitioner's arguments have no support in the record. First, petitioner's contention that he was improperly sentenced as a predicate felony offender has no merit because he was not sentenced as such. *See* Plea Tr. at 6, 7-9. Additionally, no "downward departure" in petitioner's charge is required under these circumstances. *See* N.Y. Crim. Proc. Law §§ 220.10(2), (5)(a)(iii) ("Where the indictment charges any class B felony . . . any plea of guilty . . . must be or must include *at least* a plea of guilty of a class D felony." (emphasis added)). In any event, petitioner's assertions clearly do not suggest a violation of the Double Jeopardy clause. *See Ramos v. Racette*, No. 1:11-CV-1412, 2012 WL 12924, at *29 (E.D.N.Y. Jan. 4, 2012) ("It does not violate double jeopardy principles for a defendant's sentence to be enhanced for conduct for which the defendant was previously prosecuted, [and] Double Jeopardy protections are inapplicable to classifications under felony offender schemes because the determinations at issue do not place a defendant in jeopardy for an offense." (citations omitted)).

### G. Ineffective Assistance of Trial Counsel

Petitioner alleges that trial counsel provided ineffective assistance by (a) failing to take action when the prosecution presented false testimony to the grand jury; (b) neglecting to contest fabricated evidence; (c) forcing petitioner to plead guilty and; (d) coercing petitioner to waive his appellate rights as part of the guilty plea. *See* Pet. at 67. As discussed below, these claims provide no basis for habeas relief.

An ineffective assistance of counsel claim survives a guilty plea only where the claim concerns the advice the defendant received from counsel by connecting the knowing and voluntary nature of petitioner's plea decision with the attorney's conduct. *Parisi*, 529 F.3d at

19

138-39. In other words, a defendant who has pled guilty "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (citation omitted). Therefore, as a result of petitioner's valid guilty plea, *see supra* Section III(B), the aforementioned ineffective assistance claims that relate to pre-plea events - i.e., counsel's failure to contest the false testimony and fabricated evidence - fail to state a violation of constitutional rights that this Court can consider. *See, e.g., Hill v. West*, 599 F. Supp. 2d 317, 392-93 (W.D.N.Y. 2009) (holding that petitioner's ineffective assistance claims relating to "pre-plea events, such as the failure to investigate potential witnesses, acquisition of discovery material, and his decisions regarding a psychiatric examination" were effectively waived as a result of a valid guilty plea). As such, these claims are dismissed.

Although petitioner's remaining ineffective assistance claims survive the guilty plea, they nonetheless do not entitle petitioner to habeas relief. *See Burnell v. United States*, Nos. 1:09-CV-0497, 1:09-CV-0375 (TJM), 2009 WL 3698386, at *2-6 (N.D.N.Y. Nov. 2, 2009) (noting that claims of improper coercion from defense counsel survive a guilty plea). Petitioner's allegations that counsel forced him to plead guilty and coerced him into waiving his appellate rights are barred under the independent and adequate state grounds doctrine. *Velasquez*, 898 F.2d at 9 ("[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim."). On direct appeal, the Appellate Division found these claims "unpreserved" given petitioner failed to move to withdraw his plea or vacate the judgment. *Belle*, 74 A.D.3d at 1480. This preservation rule is recognized as a firmly established and regularly followed state procedural

rule that precludes habeas review. *See, e.g., Escalante v. Smith*, No. 9:06-CV-1506 (LEK/RFT), 2009 WL 1405440, at *5-6 (N.D.N.Y. May 18, 2009) (concluding that the Appellate Division's ruling that petitioner's claim was unpreserved constituted an independent and adequate state barrier to habeas review).

Although the Court is aware that it may excuse petitioner's default, it declines to do so. *See Coleman*, 501 U.S. at 750 (holding that a procedural default may be excused if the petitioner demonstrates cause for the default and actual prejudice, or that the failure to consider the claims will "result in a fundamental miscarriage of justice"). As discussed above, petitioner offers no viable explanation for his failure to move to withdraw his plea or vacate the judgment. *See supra* Section III(B). Further, petitioner has clearly failed to allege a miscarriage of justice. *Id.* Accordingly, these claims are subject to an unexcused procedural default and are dismissed.

Even reaching the merits, however, petitioner cannot prevail. In order to maintain a claim of ineffective assistance of counsel following a guilty plea, a petitioner must show (1) that his attorney's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases," and (2) that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000). Improper coercion from defense counsel to accept a guilty plea can constitute ineffective assistance. *See Davis*, 48 F. App'x at 811-12.

Petitioner, however, has offered nothing except conclusory allegations as proof that his plea and appeal waiver were the result of coercion. Where, as here, a defendant "has explicitly stated in his allocution that he fully understands the consequences of his plea and

21

that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the defendant's sworn statements and hold him to them." *Padilla v. Keane*, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004) (citing *Blackledge* 431 U.S. at 74); *see also United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."). Nor can petitioner maintain that trial counsel improperly pressured him into pleading guilty by providing a truthful assessment that the prosecution would ultimately prevail at trial. *See United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001) ("[D]efense counsel's blunt rendering of an honest but negative assessment of [defendant's] chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea.").

Moreover, the overall favorable disposition of petitioner's case belies his ineffective assistance claims. *See Seifert v. Keane*, 74 F. Supp. 2d 199, 206 (E.D.N.Y. 1999) ("Given the favorable nature of petitioner's plea, the court cannot say that counsel's performance was deficient[.]"), *aff'd*, 205 F.3d 1324 (2d Cir. 2000). Defense counsel successfully negotiated a favorable plea bargain directly with the court after the prosecution refused to extend any plea offers. *See* Plea Tr. at 9. In light of the fact that petitioner was charged with several violent felonies and admittedly had no viable defense, *see* Pet. at 37, the sentence promise of six years offered by the court is a highly favorable outcome. Moreover, counsel negotiated an amendment to the appeal waiver that reserved the right to appeal suppression issues, which was a major concern for petitioner. *See* Plea Tr. at 23.

Even assuming that counsel's performance somehow fell below an objective standard of reasonableness, habeas relief would not be warranted because petitioner has failed to

satisfy the prejudice prong.  In the context of a guilty plea, the defendant must show a reasonable possibility that but for counsel's errors the outcome would have been different - i.e., the accused would not have pled guilty and would likely have been acquitted at trial, or would have received a significantly more favorable sentence.  *See Hill*, 474 U.S. at 59-60; *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) (citations omitted).  There is no support for the conclusion that, but for counsel's allegedly deficient representation, petitioner would have proceeded to trial or obtained a more favorable result.  As noted above, counsel obtained a highly favorable sentence for petitioner notwithstanding the fact that he had no viable defense.  Further, it is clear from the plea colloquy that petitioner had little intention, if any, of proceeding to trial in light of the charges he faced.  *See* Dkt. No. 8, Sentencing Transcript, Aug. 22, 2008 at 12.

For the reasons set forth above, petitioner's ineffective assistance of counsel claim is denied and dismissed.

### H.    Ineffective Assistance of Appellate Counsel

Petitioner alleges, for the first time in this petition, that his appellate counsel provided ineffective assistance by citing incorrect facts in her brief and raising issues other than those petitioner intended to raise on appeal.  *See* Pet. at 68.  Petitioner further argues that appellate counsel was ineffective because the Appellate Division chose not to address the claims raised in his pro se brief.  *Id.*

This claim is unexhausted because petitioner has never raised these arguments in any state court proceeding.  *See Daye*, 696 F.2d at 191 ("[T]he exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim.").  Nonetheless,

petitioner may still bring these allegations to the state courts' attention through a writ of error coram nobis. *See Boynton v. Hicks*, No. 1:02-CV-1439, 2003 WL 22087634, at *3 (S.D.N.Y. Sept. 9, 2003) ("In New York, a common law writ of error coram nobis is the proper vehicle for bringing a claim of ineffective assistance of appellate counsel[.]"); *Rodriguez v. New York*, No. 1:00-CV-1399, 2000 WL 962748, at *2-3 (S.D.N.Y. July 11, 2000) (noting that there is no time limit for filing a writ of error coram nobis, and such a motion may be filed after direct appeal).

Because petitioner still has state court remedies available to pursue this unexhausted claim, his habeas petition is considered "mixed" inasmuch as it includes both exhausted and unexhausted claims. *Pratt v. Greiner*, 306 F.3d 1190, 1197 (2d Cir. 2002). When faced with a mixed petition such as this, a district court may: (1) dismiss the petition in its entirety without prejudice; (2) consider the unexhausted claim and deny the entire petition on the merits; (3) allow the petitioner to delete the unexhausted claims and proceed only with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims. *See* 28 U.S.C. § 2254(b)(2); *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *Manzullo v. New York*, No. 1:07-CV-0744, 2010 WL 1292302, at *3 (E.D.N.Y. Mar. 29, 2010). In the interest of judicial efficiency, the Court elects to consider this unexhausted claim and deny the petition in its entirety.[6]

A criminal defendant has the right to the effective assistance of counsel on direct appeal of his conviction. *Evitts v. Lucey*, 469 U.S. 387, 395-96 (1985). A petitioner alleging

---

[6] The Second Circuit and the Supreme Court have not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2). Some lower federal courts have expressed the test as whether it is "perfectly clear" that the petitioner does not raise even a colorable federal claim, while others have asked whether the petitioner's unexhausted claims are "patently frivolous." *See Morgan v. Lee*, No. 1:11-CV-0390, 2012 WL 5336167, at *7 (W.D.N.Y. Oct. 26, 2012) (collecting and comparing cases). The Court need not decide which standard is appropriate, as the unexhausted claim presented here does not warrant habeas relief under any possible standard of review.

ineffective assistance of appellate counsel must prove (1) that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and (2) that, absent counsel's deficient performance, there was a reasonable probability that the defendant's appeal would have been successful. *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001).

Appellate counsel's failure to raise any particular claim does not, by itself, demonstrate ineffectiveness. The Supreme Court has clearly stated that appointed counsel is not required to "press [even] nonfrivolous points" if, as a matter of "professional judgment," counsel opts against such a strategy. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel is entrusted with discretion to decide which points to argue because effective appellate advocacy involves focusing on a few key issues and "winnowing out weaker arguments" that may detract from those claims. *Id.* at 751-52. Just as a trial counsel's strategic choices deserve deference, an appellate counsel's strategy in the selection of issues should not be second-guessed based on hindsight. *McKee v. United States*, 167 F.3d 103, 106 (2d Cir. 1999).

A review of the appellate brief filed on behalf of petitioner indicates that appellate counsel's strategy was reasonable and sound, and the claims asserted in her brief were cogently argued. *See* Dkt. No. 8, Ex. A, Appellant's Br. at 12-31. Appellate counsel raised three colorable arguments on appeal, all of which, if successful, would have resulted in vacatur of petitioner's guilty plea or reduction of his sentence. *Id.* Her decision to focus on the validity of petitioner's guilty plea was certainly reasonable. *See Belle*, 74 A.D.3d at 1479-80.

Petitioner, nonetheless, contends that appellate counsel was ineffective for failing to argue the claims raised in his pro se brief. Pet. at 68. However, as the Appellate Division correctly determined, these claims were either meritless or unpreserved for review. *See*

*Belle*, 74 A.D.3d at 1479-80.  For instance, petitioner's Fourth Amendment argument was flatly contradicted by the evidence.  *Id.* at 1479 ("[B]ased on the caller's description of the shooter and upon [petitioner's] act in fleeing upon being confronted, . . . the police had reasonable suspicion to believe a crime had been committed such that [petitioner's] pursuit and detention were justified.").  It is well settled that appellate counsel is not required to raise every conceivable issue, especially claims that have little or no chance of success.  *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Aparicio*, 269 at 99 (holding that it is not ineffective assistance for counsel to omit meritless claims).

Moreover, despite petitioner's contention otherwise, appellate counsel's mistake in stating that a *Wade* had hearing occurred in this case does not evidence ineffective assistance.  *See* Pet. at 68; Dkt. No. 8, Ex. A, Appellant's Br. at 9.  To the extent appellate counsel erred, it was harmless.  The Appellate Division was aware that such a hearing never occurred because it rejected petitioner's pro se argument that the trial court improperly failed to conduct such a hearing.  *See Belle*, 74 A.D.3d at 1479.  Inconsequential drafting errors do not result in ineffective assistance.  *See Clarke v. Poole*, 440 F. Supp. 2d 235, 242 (W.D.N.Y. 2006) (rejecting ineffective assistance claim where, although motion papers were "inartfully drafted," the state court considered the underlying argument); *Boyd v. Hawk*, 965 F. Supp. 443, 452 (S.D.N.Y. 1996) (rejecting ineffective assistance claim where, despite sloppy drafting, the motion submitted was not alleged to have "omitted any issues that should have been raised").

Petitioner's argument that counsel was ineffective because the Appellate Division did not address the claims raised in his pro se brief is equally meritless.  First, it appears the

26

Appellate Division did in fact address the claims advanced by petitioner. *See Belle*, 74 A.D.3d at 1479-80. In any event, it is within the court's discretion to respond specifically, or not at all, to arguments made by the parties. *See Bennett v. United States*, No. 1:05-CV-3666, 2013 WL 139551, at *4 (S.D.N.Y. Jan. 13, 2013). Counsel can hardly be faulted for the Appellate Division exercising its discretion in addressing petitioner's arguments.

The record in this case is clear that there was no deficiency in appellate counsel's representation, and even if there was, there is no reasonable probability that the result of the proceedings would have been different. Habeas relief on this ground is therefore denied.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition for a writ of habeas corpus, Dkt. No. 1, is **DENIED** in its entirety and **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on the parties in accordance with the Local Rules; and it is further

**ORDERED** that no certificate of appealability shall be issued in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[7]

> **DATED:** March 13, 2013
> Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge

---

[7] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[Section] 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'" (citation omitted)).